U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 JUL -6 A 8:33



CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

CONSERVATION LAW FOUNDATION,      )
INC. and VERMONT NATURAL          )
RESOURCES COUNCIL,                )
                                  )
        Plaintiffs,               )
                                  )
        v.                        )          Case No. 2:25-cv-916
                                  )
VORSTEVELD FARM, LLP,             )
                                  )
        Defendant.                )

**ORDER ON MOTION TO STAY DISCOVERY**
**(Doc. 30)**

This case concerns the enforcement of provisions of the Clean Water Act, 33 U.S.C. §§ 1251–1389 ("CWA"), by two environmental organizations. Plaintiffs allege that the defendant, a large dairy farm in Addison County, Vermont, has violated the CWA by discharging agricultural pollution into navigable waters without a federal permit issued under the National Pollutant Discharge Elimination System ("NPDES"). (Compl., Doc. 1 ¶¶ 132–151.)

Defendant does not deny that it discharges water from its fields into the Dead Creek through a system of drainage tiles. It contends that agricultural runoff as described by the complaint is not subject to the CWA and that its farm is in compliance with all relevant provisions of state and federal law. (*See* Answer, Doc. 9 ¶ 148 and affirmative defense 8.)

The opposing parties have served each other with discovery requests and some production has occurred. Plaintiffs have requested five depositions and a site visit. These have not occurred. In the meantime, Defendants filed an extensive motion for summary judgment, including a statement of undisputed material facts comprised of 166 paragraphs, and almost 50 exhibits, including four detailed affidavits. (Doc. 26.)

Defendant now seeks an order staying discovery until the court rules on its motion for summary judgment. (Doc. 30.) Plaintiffs object on the grounds that they are entitled to discovery to test the many facts offered in support of the motion for summary judgment. (Doc. 31.)

The parties do not dispute the key applicable legal standards. Defendant does not expressly invoke Fed. R. Civ. P. 26(c) for authority to stay discovery, but relies on the court's inherent power control the docket.[1] (Doc. 30 at 3.) In either case, courts evaluating a request to stay discovery pending resolution of a dispositive motion consider various factors, including "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D. 182, 185 (S.D.N.Y. 2025) (quoting *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)). Defendant acknowledges that it bears the burden to demonstrate cause for granting the requested stay of discovery. (Doc. 30 at 3.)

The court DENIES the motion to stay. Plaintiffs are entitled to develop the factual record before responding to a motion for summary judgment. A party raising questions about the applicability of the CWA to farm operations may do so at the outset of the case—but they generally do so through a motion to dismiss. In that setting, they must accept the facts as alleged in the complaint. If they seek a ruling on a broader factual record, they may do so after plaintiffs have an opportunity to test the facts that accompany the motion and to offer facts of their own. That process requires discovery.

---

[1] Defendant does, however, reference the "good cause" standard set forth in Rule 26(c).

Defendant's assertions about the breadth and cost of discovery are largely conclusory. The five depositions and other documentary discovery requests do not appear to be unduly broad or burdensome. The court will separately address Defendant's pending opposition to Plaintiffs' request for entry onto land. (Doc. 27.) Defendant suggests that more discovery requests will be forthcoming. (Doc. 30 at 4.) Rule 26(c) is available to address concerns about the burden or expense of such discovery.

Regarding prejudice, Plaintiffs assert delay and the potential "loss of evidence, time, and resources, including the degradation of information tied to environmental conditions, changing operational practices, and a lost inspection opportunity as seasonal change approaches." (Doc. 31 at 8.) Apart from those concerns, however, as noted above, the court requires a sufficiently developed factual record to evaluate the summary judgment motion; ordering a halt to discovery would distort that process.

Finally, the court cannot yet fully assess the strength of the pending summary judgment motion; it was filed only recently and Plaintiffs' opposition papers are not yet due. As noted above, the motion is extensive and is supported by a significant quantity of exhibits and other materials. At this early stage, the court cannot conclude that the unripe summary judgment motion is so strong that a stay of discovery might be warranted.

CONCLUSION

The court allows four months for the parties to conduct discovery relevant to the summary judgment issues. Counsel shall confer within 10 days and submit a proposed discovery schedule. The time for Plaintiffs to respond to the motion for summary judgment is extended to

November 1, 2026.  The court will schedule a hearing after the response and reply briefing is filed.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 6th day of July, 2026.

_____
Geoffrey W. Crawford, Judge
United States District Court

4